NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
STEFAN COLMER,                              )     Civil Action No. 08-2737
                                            )     (WHW) (CCC)
                    Plaintiff,              )
                                            )     Opinion
                                            )
            v.                              )
                                            )
ICCS CO., LLC, its successors and/or its assign, )
ISAAC BRACA, MORRIS BRACA, VICTOR           )
BRACA, JOYCE BRACA, JOHN DOES 1-5,          )
jointly and individually,                   )
                                            )
                    Defendants.             )
_____)

      Plaintiff Stefan Colmer moves to remand and Defendants Joyce and Victor Braca cross-move to dismiss. The primary questions presented are (1) the citizenship of ICCS & Co., LLC (heretofore known as "ICCS") and (2) whether Victor and Joyce Braca were fraudulently joined in this suit for the purpose of destroying diversity jurisdiction.

**I. BACKGROUND**

**A. Factual Background**

      The following is taken from the Parties' respective submissions:

      Stefan Colmer, Plaintiff, was a business partner of Defendants Isaac Braca and Morris Braca within ICCS & Co., LLC, a limited liability company. The parties founded ICCS in 2003. At its founding, the partnership consisted of the Plaintiff and Defendants. Colmer and Isaac Braca each held 37.5% of the company and Morris Braca held the remaining 25%.

      ICCS's Business Entity Status Report lists Isaac Braca as the Company's Registered Agent with his address at 768 Shrewsbury Avenue, Long Branch, New Jersey (Pl.'s Ex. A). In Item 6 of the Complaint, Plaintiff alleges that at some point, ICCS moved its principal place of business to New York City while continuing to maintain itself as a New Jersey domestic limited liability company (Pl.'s Compl. ¶ 6). The "Certificate of Authority to Do Business" for the State of New York reveals that Isaac Braca is the Registered Agent of the Company and again lists the

NOT FOR PUBLICATION

Shrewsbury Avenue address (Pl.'s Opp'n at 4). The certificate also states that the Company's mailing address is a post office box in Oakhurst, New Jersey (Pl.'s Opp'n at 4). In items 9 and 10 of the Complaint, Plaintiff admits that Isaac and Morris Braca maintain residences in Brooklyn, New York (Pl.'s Compl. ¶6, 10). It is uncontested by the parties that Joyce and Victor Braca are citizens of New Jersey.

## II. STANDARD OF REVIEW

### A. Remand

28 U.S.C. §14479(c) provides in pertinent part:

If at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal.

When confronted with a motion to remand, the removing party has the burden of establishing the propriety of removal. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990), cert. denied, 498 U.S. 1085 (1991). Moreover, "removal statutes 'are to be strictly construed against removal, and all doubts resolved in favor of remand.'" Id. at 111 (citations omitted).

### B. Diversity Jurisdiction

This Court has original jurisdiction over matters in which there is complete diversity of citizenship between the parties and the amount in controversy exceeds $ 75,000. 28 U.S.C. § 1332. The burden is on the plaintiff to prove the existence of jurisdiction. Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). The Court's inquiry can only focus on facts that existed at the time the Complaint was filed. Suber v. Chrysler Corp., 104 F.3d 578, 584 (3d Cir. 1997).

### C. Fraudulent Joinder

This Court may find removal to be proper if it can be established that non-diverse defendants were joined solely to defeat diversity jurisdiction. See, e.g., Moorehead v. National Union Fire Insurance Company of Pittsburgh, PA, 2007 WL 2790768 (D.N.J., Sept. 24, 2007). Fraudulent joinder can be found where there is no "reasonable basis in fact or colorable ground supporting the claim against the joined defendant." Id. If Plaintiff has, in his or her complaint, failed to state a cause of action against the non-diverse defendant, the Court may dismiss the non-diverse defendant and maintain the action in federal court. See, e.g., Salvaggi v. Prudential Prop. And Cas. Ins. Co., 871 F. Supp. 815, 818 (E.D. Pa. 1995). In keeping with the judgment standard of Federal Rule of Civil Procedure 12(b)(6), the Court must rule based on the information and allegations provided in the Plaintiff's complaint at the time the petition for

**NOT FOR PUBLICATION**

removal was filed, and assume as true all of its factual allegations. See Batoff v. State Farm Ins. Co., 977 F.2d 848, 851-852 (3d Cir. 1992).

**D. Rule 12(b)(6) Motion to Dismiss**

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

While a court will accept well-plead allegations as true for the purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegation. See Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n. 2 (1977). Moreover, the claimant must set forth sufficient information to outline the elements of his claims or to permit inferences to be drawn that these elements exist. See Fed. R. Civ. P. 8(a)(2); Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The Court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record. See Sentinel Trust Co. v. Universal Bonding Ins. Co., 316 F.3d 213, 216 (3d Cir. 2003); see also 5A Wright & Miller, Federal Practice & Procedure § 1357 at 299 (2d ed. 1990).

"A 'document integral to or explicitly relied on in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'" Mele v. Federal Reserve Bank of N.Y., 359 F.3d 251, 255 n.5 (3d Cir. 2004) (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997)). "Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them." Id.

**III. DISCUSSION**

**A. Citizenship of ICCS & Co., LLC**

Plaintiff argues that diversity does not exist because the LLC is of New Jersey citizenship. Defendants argue that the LLC is of New York citizenship.

**1. Determining the Citizenship of a Limited Liability Company**

The standard by which the citizenship of a limited liability partnership is determined is explained by the Supreme Court of the United States in Carden v. Arkoma, 494 U.S. 185 (1990): "[D]iversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all the

3

**NOT FOR PUBLICATION**

members,' 'the several persons composing such association,' 'each of its members.'" Carden, 494 U.S. at 195-196 (quoting Chapman v. Barney, 129 U.S. 677, 682 (1889), Great Southern v. Jones, 177 U.S. 449, 456 (1900), and United Steelworkers v. Bouligny, 382 U.S. 145, 146 (1965)).

"The citizenship of a limited liability company is determined like that of a limited partnership, by imputing to it the citizenship of its members." R & R Capital v. Merritt, No. 07-2869, 2007 U.S. Dist. LEXIS 78754 at *12 (E.D.Pa. Oct. 23, 2007). This method of determining citizenship is appropriate because "limited liability companies are (1) unincorporated associations, and (2) deemed to be citizens of each state in which their members are citizens, not the states in which they were formed or have their principal places of business." Golf Brothers v. Saker, No. 09-2133 2009 U.S. Dist. LEXIS 48745 at *2 (D.N.J. Jun. 10, 2009) (citations omitted).

Plaintiff argues that the citizenship of ICCS is New Jersey because, *inter alia*, the company's filings listing its address as being within the state of New Jersey. Plaintiff has provided the Court with a copy of ICCS's "New Jersey Business Entity Status Report," which indicates that ICCS is registered as a "Domestic Limited Liability Company" within the State of New Jersey. (Pl.'s Opp'n, Ex. A). Plaintiff has also provided a copy of ICCS's "New York State Department of State, Division of Corporations Entity Information" form which lists ICCS as a "Foreign Limited Liability Company" within the State of New York. (Pl.'s Opp'n, Ex. B). However, under the standard set forth above, Plaintiff's arguments urging a finding of the LLC's citizenship based on its filings and paperwork are without merit. Of foremost concern to the Court in ascertaining the citizenship of a limited liability company is the citizenship of its members.

**2. Determining Citizenship of an Individual**

In Emerald v. Gaunt, the Third Circuit identified "domicile" as the root of the standard to determine the citizenship of an individual. That case, similar to the one here, involves an issue of subject matter jurisdiction predicated upon the citizenship of a limited liability company. The Circuit Court advised that "[d]omicile is what matters for the purposes of determining citizenship; residence is different." Emerald v. Gaunt, 492 F.3d 192, 208 n.24 (3d Cir. 2007).

The Third Circuit laid out a number of factors affecting domicile in McCann v. Newman Irrevocable Trust, such as: "declarations, exercise of political rights, payment of personal taxes, house of residence, and place of business. Other factors to be considered may include location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, and driver's license and vehicle registration." 458 F.3d 281, 286 (3d Cir. 2006) The Court also noted that "the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning." Id. at 286 (citing Vlandis v. Kline, 412 U.S. 441, 454 (1973)).

**NOT FOR PUBLICATION**

It is admitted by the plaintiff that Isaac and Morris Braca maintain residences in Brooklyn, New York. (Pl.'s Compl. ¶9, 10). Affidavits submitted by defendants corroborate their Brooklyn residences. (I. Braca Aff. ¶ 8, M. Braca Aff. ¶ 2).[1] Isaac states in his affidavit that he pays taxes as a resident in the State of New York and files taxes in the State of New Jersey on behalf of ICCS as a non-resident. Morris's affidavit makes no mention of the state in which he pays taxes. Defendants do not provide any additional detail about the nature of these residences, such as whether these are primary residences, whether other family members share the residence and any other connections to the Brooklyn community.

There is, however, detail suggesting that defendants have significant connections with New Jersey. Plaintiff provides additional factors to consider, namely that: Isaac Braca's "office" is in Long Branch, New Jersey (Pl.'s br., Ex. A); Isaac and Morris Braca pray at a temple in New Jersey; Isaac and Morris Braca spend holidays in New Jersey; they hold New Jersey driver's licenses and have motor vehicles registered with the New Jersey Division of Motor Vehicles; they file income tax returns with the New Jersey Division of Taxation; they perform work for clients in the State of New Jersey; and they have claimed New Jersey domiciles on documents filed with their insurance company and vehicle leasing company. (Pl.'s Reply at 7-8). Of the allegations made by Plaintiff, the only one disputed by Defendants is the payment of taxes by Isaac Braca. In his affidavit, Isaac Braca claims that the taxes he pays in New Jersey are solely on behalf of ICCS because the company conducts business within the state (I. Braca Aff. ¶ 9). Plaintiff alleges that Isaac pays personal income taxes in the State of New Jersey. (Pl.'s Mem. in Reply at 7).

In an action removed to Federal Court, the removing party continuously bears the burden of showing removal to be proper. See Boyer, 913 F.2d at 111. Defendants have failed to carry their burden of showing that diversity exists in this matter. Isaac Braca states that he resides in Brooklyn, New York and that his residence there is the "only residence that [he] own[s]." (I. Braca Aff. ¶ 8). Morris Braca states that he resides in Brooklyn, New York but makes no statement as to whether he owns his residence there. (M. Braca Aff. ¶ 2). Beyond the uncontested fact that Isaac and Morris Braca reside in New York state, that Isaac Braca owns his home there, and that Isaac Braca pays taxes in New York state, they have provided no other facts establishing themselves as New York citizens. In contrast, Plaintiff has provided the Court with significant evidence that Isaac and Morris's strong ties to the state of New Jersey. Defendants have not met their burden. The failure to rebut Plaintiff's evidence compels the Court to conclude that the Defendants are not domiciled in New York. Remand to the New Jersey Superior Court is proper.

**B. Joinder of Victor & Joyce Braca**

This Court has determined that Isaac and Morris Braca are New Jersey citizens. By

---

[1] The exact street address of Morris Braca's residence differs from Morris's affidavit and the Plaintiff's Verified Complaint. But, since both addresses are in New York State, the difference is not material.

**NOT FOR PUBLICATION**

extension, ICCS & Co., LLC has New Jersey citizenship. This destroys the diversity which was the basis of this Court's jurisdiction over the present matter. Consequently, this Court may not consider Defendants' cross-motion to dismiss the claims against Victor and Joyce Braca since it has been stripped of jurisdiction.

### IV. CONCLUSION

For the reasons stated, it is the finding of this Court that Plaintiff's motion to remand is **GRANTED**.

<u>s/William H. Walls</u>
United States Senior District Judge