NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|   |   |   |
|---|---|---|
| STEFAN COLMER, | : | |
| | : | |
| Plaintiff, | : | **OPINION** |
| | : | |
| v. | : | Civ. No. 08-2737 (WHW) |
| | : | |
| ICCS CO., LLC, its successors and/or its assign, ISAAC BRACA, MORRIS BRACA, VICTOR BRACA, JOYCE BRACA, JOHN DOES 1-5, jointly and individually | : | |
| | : | |
| Defendants. | : | |

**FACTUAL BACKGROUND**

Stefan Colmer, plaintiff, was a business partner of defendants Isaac Braca and Morris Braca within ICCS & Co., LLC, a limited liability company. The parties founded ICCS in 2003. At its founding, the partnership consisted of the plaintiff and defendants. Colmer and Isaac Braca each held 37.5% of the company and Morris Braca held the remaining 25%.

Plaintiff sues for financial recovery stemming from alleged deprivation of wages and unpaid membership interest in ICCS following his termination from the partnership.

**PROCEDURAL HISTORY**

This case was removed from the New Jersey Superior Court to this Court by defendants on June 2, 2008. Plaintiff filed a motion to remand on July 7, 2008. Defendants filed a cross motion to dismiss defendants Victor and Joyce Braca, a brief in opposition to plaintiff's motion for remand, and affidavits of Isaac and Morris Braca on August 4, 2008. Plaintiff filed a brief in opposition to the cross motion and in support of the motion to remand on August 11, 2008. On July 7, 2009, this Court remanded the case to the New Jersey Superior Court, finding that diversity did not exist because defendants were New Jersey citizens.

Defendants filed a motion for reconsideration and supporting affidavits by Isaac and Morris Braca on July 20, 2009. Plaintiffs filed a brief in opposition to the motion for

1

**NOT FOR PUBLICATION**

reconsideration on July 21, 2009.

## LEGAL STANDARD

Under Fed. R. Civ. P. 59(e), a litigant may move to alter or amend a judgment within ten days of its entry. Similarly, L. Civ. R. 7.1(g) allows a party to seek a motion for reargument or reconsideration of "matters or controlling decisions which counsel believes the Judge or Magistrate Judge has overlooked." The Third Circuit has held that the "purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Cafe ex rel. Lou-Ann v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)) (internal quotes omitted). Reconsideration motions, however, may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised before the entry of judgment. Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1. "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." Gutierrez v. Ashcroft, 289 F. Supp. 2d 555, 561 (D.N.J. 2003) (quoting G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990)). Such motions will only be granted where (1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises. North River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995); See also L. Civ. R. 7.1(i). Because reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted "sparingly," Yurecko v. Port Auth. Trans-Hudson Corp. 279 F. Supp. 2d 606, 608 (D.N.J. 2003); NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996), and only when "dispositive factual matters or controlling decisions of law" were brought to the court's attention but not considered. Yurecko, 279 F. Supp. 2d at 609; Pelham v. United States, 661 F. Supp. 1063, 1065 (D.N.J. 1987).

Local Civil Rule 7.1(d)(6) reads, "No sur-replies are permitted without permission of the Judge or Magistrate Judge to whom the case has been assigned."

## DISCUSSION

Defendants move for this Court to reconsider the Order remanding the case to the New Jersey Superior Court. They argue that plaintiff initially accepted defendants Isaac and Morris Braca's citizenship as being of New York State in his original motion for remand and later reversed this position in his memorandum in reply to defendants' memorandum of opposition to remand. (Pl.'s Mem. 2.) Defendants claim that they never had a chance to address plaintiff's allegations which supported the Court's determination of the citizenship of Isaac and Morris Braca because they were raised for the first time in plaintiff's reply brief. (Pl.'s Mem. 3.)

**NOT FOR PUBLICATION**

Defendants claim that they could not have anticipated the challenge made to Isaac and Morris Braca's citizenship and that by the time plaintiff's arguments were made, "it was too late for defendants to respond, or submit any further written submissions to this Court." (Pl.'s Mem. 3.) Defendants state that "sur-reply briefs are not favored by the Court and are expressly prohibited by L. Civ. R. 7.1 (d)(6)." (Pl.'s Mem. 9.)

Defendants' understanding of Local Civil Rule 7.1(d)(6) is incorrect. Sur-replies are not expressly prohibited. A party must petition the Court for permission to file a sur-reply brief. Defendants never filed a petition to file a sur-reply brief to rebut plaintiff's argument in the eleven months between the filing of plaintiff's reply brief and the issuance of the remand order. Nor did defendants file a motion to strike plaintiff's reply brief for raising new arguments. Defendants' contention that they had no opportunity to respond to the arguments in plaintiff's reply is without merit.

## CONCLUSION

Defendants had eleven months to object to the arguments made by plaintiff in the reply brief though a motion to strike or a request to file a sur-reply. Instead of doing so, they employed a wait-and-see tactic and which appears to have backfired. Defendants' alleged unjustness relies on a willing blindness to the plain meaning of the text of Local Civil Rule 7.1(d)(6). There is no "manifest injustice" here since the facts which defendants seek to have the Court consider are not new and could have been presented in a sur-reply brief. Because defendants had opportunities to challenge the very same facts they seek to challenge in this motion, their motion for reconsideration fails.

Defendants' motion for reconsideration is hereby **DENIED**.

s/William H. Walls
United States Senior District Judge

**July 29th, 2009**